IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JEANETTE KENNEDY, | } |
| | } |
| Plaintiff, | } |
| | } |
| vs. | } |
| | } |
| BEST BUY, | } |
| THE BUREAUS, | } |
| | } |
| Defendants. | } |

## COMPLAINT

COMES NOW the Plaintiff, Jeanette Kennedy, in the above captioned action by and through the undersigned and hereby Complains as follows:

*Parties*

1. The Plaintiff, Jeanette Kennedy ("Ms. Kennedy"), is an adult resident of the State of Alabama.

2. Ms. Kennedy is a natural person.

3. Defendant The Bureaus, Inc. ("The Bureaus" or "Defendant") is an Illinois corporation engaged in the business of a collection agency, with its principal place of business located in Evanston, Illinois. The Bureaus is authorized with the Alabama Secretary of State to conduct business in Alabama.

4. Upon information and/or belief, a principal purpose of The Bureaus is the collection of debts.

5. Best Buy is that person or entity doing business as "Best Buy™" which the Plaintiff believes that reasonable discovery will show has authorized the following registered agent to accept services on its behalf:

CT Corporation System, 2 North Jackson St., STE 605, Montgomery, AL  36104

### *Jurisdiction*

6. This action is brought, in part, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter the "FDCPA") which vests jurisdiction in United States district courts. 15 U.S.C. § 1692k(d).

7. Supplemental jurisdiction exists for Ms. Kennedy's state law claims. 28 U.S.C. §1367(a).

### *Factual Allegations*

8. Ms. Kennedy entered into a "no interest" deal with Best Buy that provided that she would not have to pay interest provided that she follow certain terms. Ms. Kennedy kept her end of the bargain, but Best Buy™ charged her interest and late fees nonetheless.

9. Currently, The Bureaus is reporting on Ms. Kennedy's credit report that she owes $427 on this account. This is not correct.

10. On April 20, 2012, the undersigned sent a letter to The Bureaus disputing the debt and requesting the trade line be deleted.

11. The Bureaus tacitly admitted to reporting a disputed debt when it failed to respond to said letter.

12. Ms. Kennedy was injured as a direct result of The Bureaus conduct. Her damages included, but were not limited to, a significant drop in her credit score.

<u>The following counts are against Defendant Best Buy™, only:</u>

### **COUNT: BREACH OF CONTRACT**

13. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

14. Defendant embraced and entered into both and /or either oral and /or written contract(s) and /or contractual agreement(s) with Plaintiff.

15. Defendant breached said contract(s)

16. Plaintiff was damaged as a proximate result of said breach.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory

damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

## COUNT: FRAUD

17. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

18. The representations made by the Defendant were made in the line and scope of their employment and /or agency for Defendant.

19. Defendant's representations were false and the Defendant knew or should have known they were false. The misrepresentations were made intentionally, recklessly, and /or negligently.

20. Defendant actively concealed from the Plaintiff the fact that the representations were false.

21. The Plaintiff justifiably and /or reasonably relied to their detriment upon the misrepresentations made by the Defendant.

22. As a result of their reliance upon said misrepresentations, Plaintiff was proximately cause to be injured and Plaintiff has been caused actual damages, great mental anguish, embarrassment, anger, frustration, humiliation and worry.

23. The Defendant defrauded the Plaintiff.

24. As a proximate consequence of Defendant's fraud, Plaintiff has suffered extensive damages.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demand judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

The following counts are against Defendant "The Bureaus" Only:

## COUNT: FDCPA

*Preliminary Averments*

25. This Count is brought under the authority of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o, hereinafter referred to as the "FDCPA."

26. The Plaintiff is a "natural person" as defined in the FDCPA.

27. The Plaintiff is "consumer" as defined in the FDCPA.

28. The alleged debt which is the basis for the Defendant's communications to the Plaintiff arises out of a transaction entered primarily for personal and/or family, and /or household purposes.

29. The Defendant is a "debt collector" as defined in the FDCPA.

30. Upon information, research and belief, the acts of the Defendant which are complained of in this Complaint resulted when the Defendant attempted to collect a debt owed to another.

31. Upon information, research and belief, the acts of the Defendant which are complained of in this Complaint resulted when the Defendant attempted to collect its own debt which had been purchased after it was in default.

32. Upon information, research and belief, a principal purpose of the Defendant is the collection of debts on behalf of others.

33. Upon information, research and belief, a principal purpose of the Defendant is the collection of debts that it purchased and /or was otherwise assigned after said debt was in default.

34. Upon information, research and belief, at all times relevant hereto, the Defendant conveyed information to the Plaintiff that she was obligated to pay a debt owed to another.

35. Upon information, research and belief, at all times relevant hereto, the Defendant was regularly engaged for profit in the collection of debts allegedly owed by consumers using instrumentalities of interstate commerce and /or the United States mail.

36. Upon information, research and belief, at all times relevant hereto, the Defendant regularly collected or attempted to collect debts, directly and /or indirectly, owed or due and /or

asserted to be owed and /or due to another using instrumentalities of interstate commerce and /or the United States mail.

37. The debt collector's conduct was persistent and was part of an on-going pattern and /or practice of repeated, wrongful conduct by the debt collector during and beyond the statute of limitations. Restated, The Bureaus has continually violated the FDCPA thereby extending the statute of limitations.

38. The Plaintiff was harmed by the following violations of the FDCPA:

### *FDCPA violations*

39. The Fair Debt Collection Practice Act ("FDCPA") prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 USC § 1692e.

40. The Defendant violated, by act or omission, the FDCPA when it made adverse reports that are false and /or deceptive and /or misleading.

41. Further, the FDCPA prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 USC § 1692f(1).

42. To the extent that the amount the Defendant claims and amount owed that contains interest, fees, charges or expenses not expressly stated (including but not limited to collection costs), its claim is a violation of 15 USC § 1692f(1).

43. The Plaintiff has a reasonable expectation that discovery will show that said act(s) and /or omission(s) were intentional and did not result from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

44. The Plaintiff has a reasonable expectation that discovery will show that said act(s) and /or omission(s) were not made in good faith conformity with any advisory opinion of the Federal Trade Commission.

## COUNT: NEGLIGENCE

45. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

46. The Defendant had a duty to exercise reasonable care in their actions.

47. The Defendant negligently breached said duty.

48. This count is extended to but is not limited to the negligent hiring, training, supervision and retention.

49. The Plaintiff was damaged as a proximate result of said breach of duty.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

## COUNT: INTRUSION INTO SOLITUDE OR SECLUSION

50. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

51. Defendant wrongfully intruded physically or otherwise into the Plaintiff's physical solitude or seclusion[1] and /or:

52. Defendant wrongfully intruded into the Plaintiff's private activities in such as manner as to:

    a.    outrage; and /or

    b.    cause mental suffering, shame or humiliation to a person of ordinary sensibilities;[2] and /or

    c.    cause a person of ordinary sensibilities mental suffering, shame or humiliation.

---

[1] <u>Norris v. Moskin Stores, Inc.</u>, 132 So.2d 321 (1961).

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

### COUNT: WANTONNESS/RECKLESSNESS

53. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

54. Defendant's actions were the conscious doing of the act(s) herein complained and /or the conscious omission(s) herein complained under knowledge of existing conditions and conscious that from the doing of such act(s) and /or omission(s) injury will likely or probably result.

55. The Defendant was recklessly indifferent to the consequences of committing these wrongful acts.

56. The Defendant was recklessly indifferent to the consequences of his or her omission.

57. The Defendant's actions were reckless and/or wanton,[3] without legitimate excuse, and without legal cause.

58. The Defendant's actions did not lie in any justifiable or reasonable or excusable reasons.

59. The Defendants knew, or should have known, that their actions or lack of actions would likely or probably result in injury to the Plaintiff.

60. The Defendant's wanton and/or reckless conduct did cause injury to the Plaintiff.

61. The Plaintiff demands punitive damages. Alabama Code § 6-11-20 (1975).

---

[2] Smith v. Doss, 37 So.2d 118, 120 (1948).
[3] See, for example, Hamme v. CSX Transportation, Inc., 621 So.2d 281 (1993, Ala.).

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

### *General Legal Allegations*

62. Plaintiff extends liability to Defendants by way of respondeat superior, civil conspiracy and /or joint enterprise.

### *Plaintiff Demands a Jury Struck and Sworn*

Done this 31st day of December, 2013.

Respectfully submitted,

/s/ Steven D. Eversole
Steven D. Eversole (EVE012)

OF COUNSEL:
Eversole Law LLC
850 Corporate Parkway, Suite 114
Birmingham, AL 35242
Phone: 205-981-2450
Facsimile: 205-981-2451

Service to be Completed On:

Best Buy
CT Corporation System
2 North Jackson St., Ste 605
Montgomery, AL  36104

The Bureaus, Inc.
The Corporation Company
2000 Interstate Park Drive
Montgomery, AL 36109